OPINION
The instant appeal has been taken from a final judgment of the Lake County Court of Common Pleas. Appellant, Curtis A. Frederick, Jr., seeks the reversal of the trial court's decision to impose certain sanctions as part of his sentence in a criminal matter.
In November 1997, appellant entered a plea of guilty to one count of rape. Upon accepting this plea, the trial court sentenced appellant to a definite term of seven years in a state penitentiary. As part of the sentencing judgment, the trial court indicated that appellant had been provided notice that, during his prison term, he would be subject to "administrative control" under R.C 2967.11.
On the same date appellant was sentenced, the trial court issued a second judgment which held that appellant would be classified as a sexual predator for purposes of the sexual offender laws. Accordingly, the court stated that, upon his release from prison, appellant would be subject to the various requirements of R.C. Chapter 2950.
In now appealing from the sentencing judgment and the sexual predator judgment, appellant has raised two assignments of error for our consideration. Under the first, he contends that the trial court erred in applying the sexual offender laws to him because the statutory scheme is unconstitutional. Specifically, appellant argues that the scheme is impermissibly vague because it fails to delineate sufficient standards governing the sexual predator determination.
In regard to this assignment, this court would note that the merit of this argument has been fully considered by the Supreme Court of Ohio. In State v. Williams (2000), 88 Ohio St.3d 513, the court expressly held that R.C. Chapter 2950 sets forth sufficient guidelines to assist a trial court in determining whether the state has proven by clear and convincing evidence that an offender is likely to commit a sexually oriented offense in the future. Thus, as the trial court did not err in applying the sexual offender laws to appellant, his first assignment of error lacks merit.
Under his second assignment, appellant submits that the trial court erred in holding that he would be subject to administrative control during the course of his prison term. Appellant argues that the "bad-time" provisions of R.C. 2967.11 should not have been applied to him because that statute is unconstitutional for a number of reasons.
Again, the merits of the appellant's argument have already been considered by this state's Supreme Court. In State ex rel.Bray v. Russell (2000), 89 Ohio St.3d 132, the court held that R.C. 2967.11 is unconstitutional because the imposition of bad time by the parole board plainly violates the doctrine of the separation of powers. In reaching this decision, the Bray court upheld the earlier decision of this court in White v. Konteh (Mar. 23, 1999), Trumbull App. No. 99-T-0020, unreported.
Pursuant to Bray and White, appellant should not have been informed at the time of sentencing that he could be given an additional term of incarceration if he committed a criminal offense while he was being held on the rape sentence. Therefore, because this aspect of the trial court's sentencing judgment was improper, the second assignment of error in this appeal has merit.
The sentencing judgment of the trial court is reversed in part, and the case is hereby remanded for further proceedings consistent with this opinion. Specifically, upon remand, the trial court shall vacate its prior sentencing judgment and issue a new judgment which does not contain any reference to the imposition of bad time. In all other respects, the judgments of the trial court are affirmed.
 _____________________________ WILLIAM M. O'NEILL, Judge
FORD, P.J., CHRISTLEY, J., concur.